**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 19 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIONISIO CHAIREZ-CASTRO, | No.    15-70961 |
| Petitioner, | Agency No. A088-889-484 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2021[**]

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Dionisio Chairez-Castro, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

Substantial evidence supports the agency's conclusion that Chairez-Castro failed to establish he would be persecuted on account of a protected ground.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Chairez-Castro's asylum and withholding of removal claims fail.

Chairez-Castro does not challenge the agency's determination that he is ineligible for CAT protection, so that issue is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

---

[1] To the extent that Chairez-Castro argues he is a member of a particular social group related to domestic violence, we lack jurisdiction to review his claim because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

To the extent Chairez-Castro contends that the immigration judge lacked jurisdiction over his proceedings, his argument is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 889 (9th Cir. 2020) (an initial notice to appear need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing).

Finally, although Chairez-Castro asserts that he is eligible to apply for cancellation of removal, he did not apply for such relief before the agency; thus, we lack jurisdiction over this unexhausted claim. *See Barron*, 358 F.3d at 677-78.

As stated in the court's May 5, 2015 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**